**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROSHA C. WILLIAMS,        )
        Petitioner,       )     **Civil Action No. 14-37 Erie**
        )
        v.        )
        )     **Magistrate Judge Susan Paradise Baxter**
COMMONWEALTH, <u>et</u> <u>al.</u>,        )
        Respondents.       )


**<u>OPINION AND ORDER</u>**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Rosha

C. Williams ("Petitioner") pursuant to 28 U.S.C. § 2254. He is challenging the judgment of sentence

imposed upon him by the Court of Common Pleas of Erie County on May 24, 2007. Respondents have

filed a motion to dismiss in which they assert that Petitioner's claims are untimely. [ECF No. 7]. For the

reasons set forth below, the motion to dismiss is granted, Petitioner's claims are dismissed with

prejudice, and a certificate of appealability is denied. In addition, all of Petitioner's pending motions are

denied.


**I.**

**A.**    **<u>Relevant Background</u>**[2]

In 2006, Petitioner was charged with Possession of a Controlled Substance, Possession of a

Controlled Substance with Intent to Deliver, Possession of Drug Paraphernalia, and Driving while

Operating a Suspended or Revoked License. Through his attorney, John J. Mead, Esquire, Petitioner

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a
U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    Respondents have submitted the Common Pleas Court's file, which contains documents that were filed with that
court. Those documents shall be cited to as "CP Dkt. No. __."

filed a motion to suppress evidence seized from his person and from his vehicle. The Honorable William R. Cunningham presided over an evidentiary hearing on September 1, 2006. On November 14, 2006, he issued an Opinion and Order in which he denied the motion to suppress. (CP Dkt. No. 6).

On April 10, 2007, a jury found Petitioner guilty of the drug related crimes and the trial court found him guilty of the summary driving offense. The court sentenced Petitioner on May 24, 2007, to a term of three to eight years' imprisonment. He filed an appeal with the Superior Court of Pennsylvania, in which he raised the following two claims:

1.     Whether the Court of Common Pleas erred and/or abused its discretion in denying his motion to suppress evidence based on his illegal arrest, and allowing into evidence $600 cash found on his person, and crack cocaine found in his vehicle, at trial;

2.     Whether the Court of Common Pleas erred and/or abused its discretion in denying his motion to suppress evidence based on the illegal seizure of his vehicle from his driveway, and allowing into evidence crack cocaine subsequently seized from his vehicle.

On August 4, 2010, the Superior Court affirmed Petitioner's judgment of sentence. Commonwealth v. Williams, 2 A.3d 611 (Pa.Super. 2010). The Supreme Court of Pennsylvania denied a petition for allowance of appeal ("PAA") on March 29, 2011. Commonwealth v. Williams, 19 A.3d 1051 (Pa. 2011). His judgment of sentence became final on or around June 27, 2011, upon expiration of the time to file a petition for writ of certiorari with the U.S. Supreme Court. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around April 26, 2011, before his judgment of sentence had become final, Petitioner commenced proceedings in the Court of Common Pleas under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq. The PCRA court appointed Tina M. Fryling, Esq., to represent him, and she filed a supplemental PCRA motion on his behalf. (CP Dkt. No. 26, 39). The Honorable

2

Shad Connelly held an evidentiary hearing, and on October 27, 2011, he issued an Opinion and Order

denying Petitioner's claims on the merits. (CP Dkt. No. 48).

Petitioner filed an appeal to the Superior Court in which he claimed that his trial counsel

provided him with ineffective assistance for:

> (1)    failing to call Jackie Williams, Samad Robinson, and Bradly Foulk to testify at
>         the suppression hearing;
>
> (2)    failing to insist that the Commonwealth reveal the identity of the confidential
>         informant;
>
> (3)    devising and proceeding with a trial strategy counter to Petitioner's version of
>         events;
>
> (4)    failing to object to Officer Nolan's trial testimony; and,
>
> (5)    failing to request a jury instruction pertaining to the Commonwealth's failure to
>         produce evidence.

(CP Dkt. No. 71 at 3-9; CP Dkt. No. 68 at 12-15).[3]

In 2011, Petitioner also filed a petition for a writ of habeas corpus with this Court pursuant to

28 U.S.C. § 2254. He contended, as he did in the state court on direct review and in his PCRA

proceeding, that his constitutional rights were violated because the evidence seized from his person and

his car should have been suppressed. Williams v. Commonwealth, No. 1:11-cv-92 (W.D. Pa.). On

December 29, 2011, this Court dismissed the petition without prejudice because Petitioner was

exhausting his state court remedies.[4]

---

[3]     On August 1, 2011, Petitioner filed a *pro se* "Motion for Modification and to Correct Illegal Sentence." (CP Dkt.
No. 37). Judge Connelly issued an order denying that motion, and Petitioner filed a *pro se* appeal to the Superior Court. On
June 1, 2012, the Superior Court issued a Memorandum in which it quashed the appeal because it was untimely. (CP Dkt. No.
72).

[4]     Although district courts have the authority to stay and abey federal habeas cases in accordance with Rhines v.
Weber, 544 U.S. 269 (2005), there was no reason for this Court to exercise that discretion in Petitioner's 2011 federal habeas
case. The practice of staying and abeying federal habeas cases is a development necessitated by the interaction of the one-
year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

On May 17, 2012, the Superior Court issued a Memorandum in which it granted Fryling's petition to withdraw and affirmed the PCRA court's decision to deny relief. (CP Dkt. No. 71). The Superior Court denied Petitioner's first and second claims on the merits, and denied the remaining three claims because he did not raise them to the PCRA court and, therefore, they were waived pursuant to Pennsylvania Rule of Appellate Procedure 302(a). Petitioner did not file a PAA with the Supreme Court of Pennsylvania. Accordingly, his PCRA proceeding concluded on or around June 18, 2012, when the time to file a PAA expired. Lawrence v. Florida, 549 U.S. 327 (2007); Swartz, 204 F.3d at 419-21.

On June 6, 2012, Petitioner filed with this Court a motion to reopen his earlier habeas case at Docket No. 1:11-cv-92. On June 15, 2012, this Court issued an order in which it denied the motion without prejudice to his right to commence a new habeas case by completing and filing the standard form for a § 2254 case, which the Court provided to him.

Nothing occurred in this Court until February 7, 2014, when Petitioner commenced this case by filing a petition for a writ of habeas corpus on the standard § 2254 form. [ECF No. 2]. He contends that he was subject to an illegal search and seizure, that his rights under the Confrontation Clause was violated because the name of the confidential information was not disclosed to his defense, and that his sentence is "illegal." He also complains that he was not given a hearing on his driving offenses and was

---

§ 2244(d)(1), and the pre-AEDPA rule set forth in Rose v. Lundy, 455 U.S. 509, 517 (1982) that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. Rhines, 544 U.S. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."); see also Heleva v. Brooks, 581 F.3d 187, 189-90 (3d Cir. 2009). In Rhines, the U.S. Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted. 544 U.S. at 276-78.

This Court did not stay Petitioner's 2011 federal habeas case because once his PCRA proceeding concluded, he would have a full year to comply with AEDPA's statute of limitations. That is because his PCRA motion was pending on the date his judgment of sentence had become final. Therefore, as discussed below, AEDPA's limitation period was immediately tolled pursuant to 28 U.S.C. § 2244(d)(2) on the day he filed his PCRA motion. Thus, AEDPA's statute of limitations had not even begun to run. As such, there was no need or purpose for this Court to stay Petitioner's 2011 federal habeas case.

not cited for any driving offenses. He further claims that a "Brady" violation occurred "because he was entitled to have a jury determine whether a sentence enhancement for his first drug conviction was applicable where there were (NO) prior convictions that appeared on the record."[5] [ECF No. 6].

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by AEDPA. Respondents have filed a motion to dismiss in which they contend that Petitioner's claims must be dismissed because they are untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 7]. Petitioner has filed two replies to the motion to dismiss [ECF Nos. 12 & 13] and numerous other miscellaneous motions. [ECF Nos. 10, 11, 20, 23, 24, and 25].

### B.      Discussion

AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[6] It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

---

[5]      In a subsequent filing, Petitioner claimed that there was a Brady violation because an incident report from May 13, 2006, would have proved that Officer Nolan either never spoke with the confidential informant or the confidential informant did not exist. [See ECF No. 24 at 2]. Petitioner does not explain if or when that information was suppressed, or when he discovered it.

[6]      Petitioner does establish that he is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

As set forth above, Petitioner's judgment of sentence became final on or around June 27, 2011.

His PCRA motion was pending on that date and, therefore, AEDPA's statute of limitations was

immediately statutorily tolled pursuant to 28 U.S.C. § 2244(d). Thus, when that proceeding finished,

Petitioner would have one year to file a timely habeas petition in federal court.

Petitioner's PCRA proceeding concluded on June 18, 2012, when the time to file a PAA from the

Superior Court's decision expired. The next day, AEDPA's limitations period began to run. He had until

on or around June 19, 2013, to file a timely federal habeas petition. He did not file the instant petition

until, at the very earliest, February 7, 2014. Accordingly, his claims are untimely by approximately 232

days.

The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to

equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is

entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and

(2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also

United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d

Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard

requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190

(3d Cir. 2012) (emphasis in original). The U.S. Court of Appeals for the Third Circuit has explained:

> "[C]ourts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp.
> & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the
> principles of equity would make the right application of a limitation period unfair."
> Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He has

not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in

his way of filing a timely federal habeas petition. He also fails to demonstrate that he was diligent in filing his federal habeas corpus petition, which, as already noted, was untimely by 232 days.

### C. Miscellaneous Motions

Petitioner is a prolific filer, and has numerous motions pending before the Court. At the motion he filed at ECF No. 10, he asks that the Court direct the prison to give him more time in the law library. This motion is denied. This Court has no authority to grant him that relief. And, as evidenced by the many documents that Petitioner has filed in this case, he has had ample access to the resources necessary to litigate it.

In the motions Petitioner filed at ECF Nos. 11 and 23, he complains that he did not receive the records attached to Respondents' motion to dismiss. Those attachments are state court records and documents filed in his 2011 federal habeas case. They are items that Petitioner either prepared himself or has previously received. Moreover, he did not need them in order to reply to Respondents' argument that his claims are untimely. For these reasons, Petitioner's motions at ECF No. 11 and 23 are denied.

In the motion Petitioner filed at ECF No. 20, he complains that his prison mail is being interfered with and asks for an injunction against prison officials. This motion also is denied. If he is having issues with his legal mail, he must pursue his available administrative and civil remedies outside of this habeas proceeding.

In the motion Petitioner filed at ECF No. 24, he seeks an order from this Court directing that incident reports from May 13, 2006, be produced to him. He contends that those reports are needed so that he can prove that Officer Nolan never received a call from a confidential informant. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). See also Harris v. Nelson, 394 U.S. 286,

300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence). Rather, discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court only by leave of court upon a showing of good cause. "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery[.]" Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same). Petitioner is not entitled to discovery in this case and, therefore, the motion he filed at ECF No. 24 is denied.

Finally, at ECF No. 25, Petitioner has filed a motion that he calls a petition for a writ of mandamus. In this motion, he demands that he be released from his unlawful detention. This motion is denied because it is not a proper filing in a habeas action. See Rules Governing Section 2254 Cases in the United States District Court. It also is repetitive of the relief he requests in the underlying petition, which is being dismissed because his claims are untimely.

### D.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

(2000). Applying that standard here, jurists of reason would not find it debatable whether the petition for

a writ of habeas corpus should be dismissed because his claims are untimely. Accordingly, a certificate

of appealability should be denied.


## II.

For the reasons set forth above, Respondents' motion to dismiss is granted, Petitioner's claims are

dismissed with prejudice because they are untimely, and a certificate of appealability is denied. In

addition, all of Petitioner's outstanding motions are denied. An appropriate Order follows.



/s/ Susan Paradise Baxter
Dated: July 28, 2014                     SUSAN PARADISE BAXTER
                                         United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSHA C. WILLIAMS,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 14-37 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **COMMONWEALTH, <u>et</u> <u>al.</u>,** | ) | |
| **Respondents.** | ) | |
| | ) | |

## <u>ORDER</u>

AND NOW**,** this 28th day of July, 2014;

IT IS HEREBY ORDERED that the motion to dismiss [ECF No. 7] is **GRANTED**, Petitioner's

habeas claims are **DISMISSED** with prejudice because they are untimely, and a certificate of

appealability is **DENIED**.

IT IS FURTHER ORDERED that the motions are ECF Nos. 10, 11, 20, 23, 24 and 25 are

**DENIED**.

The Clerk of Courts is directed to close this case.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge